# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOSEPH LATIMORE, JR.**, *Power of Attorney, for use and benefit of* **JOE L. LATIMORE, SR.**,<br><br>*Plaintiff*,<br><br>v.<br><br>**Sheriff DAVID GABRIEL**, *et al.*,<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:24-cv-00391-TES** |

## ORDER

In this action, Plaintiff Joseph Latimore purports to seek an "Immediate Emergency Injunction," on behalf of his father, Joe Lewis Latimore, who is an "elderly" person with disabilities. [Doc. 1, p. 1 (capitalization altered)]. It appears Plaintiff seeks injunctive relief based on bankruptcy proceedings related to the Chapter 13 Trustee, Camille Hope. [*Id.*].

However, under Georgia law, it is unlawful for any person other than a licensed attorney to practice law in this state. O.C.G.A. § 15-19-51(b). That includes bringing actions on behalf of other individuals. *See* 28 U.S.C. § 1654 (allowing individuals to represent only themselves *pro se*); *Laguille-Brugman v. United States*, No. 23-12064, 2023 WL 8643684, at *2 (11th Cir. Dec. 14, 2023) ("Although a party may represent herself *pro*

*se*, a non-attorney may not represent other parties in federal court."). Plaintiff's power of attorney does not change the rules, either. *Hand v. Bibeault*, 400 F. App'x 526, 528 (11th Cir. 2010). Indeed, Plaintiff may represent his father's interests as his "representative," but not as his legal counsel. *Id.*; *see also Toenniges v. Steed*, 739 S.E.2d 94, 95 (2013).

Accordingly, the Court **ORDERS** Plaintiff to **RETAIN** counsel to represent his father's legal interests **within 10 days of this Order**. <u>**Failure to follow this instruction with result in the dismissal of the pending Motion for Injunctive Relief.**</u> *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 4th day of December, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**