# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOSEPH LATIMORE, JR.,** *Power of Attorney, for use and benefit of* **JOE L. LATIMORE, SR.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Sheriff DAVID GABRIEL,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:24-cv-00391-TES** |

## ORDER DISMISSING CASE

In this action, Plaintiff Joseph Latimore purports to seek an "Immediate Emergency Injunction," on behalf of his father, Joe Lewis Latimore, who is an "elderly" person with disabilities. [Doc. 1, p. 1 (capitalization altered)]. It appears Plaintiff seeks injunctive relief based on bankruptcy proceedings related to the Chapter 13 Trustee, Camille Hope. [*Id.*].

As the Court previously explained,

> Under Georgia law, it is unlawful for any person other than a licensed attorney to practice law in this state. O.C.G.A. § 15-19-51(b). That includes bringing actions on behalf of other individuals. *See* 28 U.S.C. § 1654 (allowing individuals to represent only themselves *pro se*); *Laguille-Brugman v. United States*, No. 23-12064, 2023 WL 8643684, at *2 (11th Cir. Dec. 14, 2023) ("Although a party may represent herself *pro se*, a non-attorney may not represent other parties in federal court."). Plaintiff's power of attorney does not change the rules, either. *Hand v. Bibeault*, 400 F. App'x 526, 528

(11th Cir. 2010). Indeed, Plaintiff may represent his father's interests as his "representative," but not as his legal counsel. *Id.*; *see also Toenniges v. Steed*, 739 S.E.2d 94, 95 (Ga. Ct. App. 2013).

[Doc. 2, pp. 1–2].

With that in mind, the Court ordered Plaintiff to retain counsel to represent his father's legal interests within 10 days of the Court's Order. [*Id.* at p. 2]. The Court warned that "Failure to follow this instruction [would] result in the dismissal of the pending Motion for Injunctive Relief." [*Id.*]. That deadline passed without a response from Plaintiff—and no counsel entered an appearance on the docket. Therefore, the Court **DENIES** Plaintiff's Motion for Emergency Injunction [Doc. 1][1] and **DIRECTS** the Clerk of Court to **CLOSE** this case. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 18th day of December, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court also **DENIES** Plaintiff's Petition for Writ of Mandamus [Doc. 3].